UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| LARRY BOWLES and AUSTIN BOWLES, *Co-Administrators of the Estate of Shannon Bowles, deceased, and Next Friends of his minor children,* T.B.B., N.H.S.B., C.D.B., M.W.B., and B.W.,<br><br>Plaintiff,s<br><br>v.<br><br>BOURBON COUNTY, KENTUCKY, *et al.*,<br><br>Defendants. | CIVIL NO. 5:17-CV-434-KKC<br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Bourbon County's motion to dismiss or in the alternative for summary judgment (DE 9). Plaintiffs have filed a response and the matter is now ripe for review.

Bourbon County seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, summary judgment pursuant to Fed. R. Civ. P. 56(a). In their original complaint, Plaintiffs alleged that Bourbon County "employed, was responsible for the establishment of policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers, employees and independent contractors at the [Bourbon County Regional Detention Center]." (Compl. ¶ 4, DE 4.)[1] In its motion, Bourbon County attached an affidavit from Michael R. Williams, the County Judge Executive of

---

[1] Plaintiffs have since amended their complaint to add claims against the Bourbon/Nicholas Regional Jail Authority and Nicholas County. (DE 14.)

1

Bourbon County, which stated that the Bourbon County Regional Detention Center ("BCRDC") was actually managed by the Bourbon/Nicholas Regional Jail Authority.

Kentucky law provides for county and regional jails. Ky Rev. Stat. § 441.800(1) ("Two (2) or more counties may by ordinances establish a regional jail authority."); *see Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 229 (Ky. 1989) ("A jail is defined as a county jail or correctional and detention facility while a regional jail is defined as a jail 'owned and operated by two or more counties through a regional jail authority as provided in K.R.S. 441.800.'"). If BCRDC is operated by the Bourbon/Nicholas Regional Jail Authority, as Williams avers, then it follows that the jail authority, not the county, is responsible for employing, supervising, training, and establishing polices for the jail. *See* Ky. Rev. Stat. § 441.800(2)(c) (giving regional jail authorities all powers and duties related to operating jails). That conclusion, however, is not obvious because "[t]he construction of a regional jail does not require the abolition or discontinuance of a county jail." *Tackett*, 770 S.W.2d at 229.

Neither dismissal nor summary judgment is warranted at this time. In considering Bourbon County's 12(b)(6) motion to dismiss the Court may only look to the pleadings and matters of which it may take judicial notice. *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Co.*, 830 F.3d 376, 383 (6th Cir. 2016). Thus, the Court cannot consider the affidavit of County Judge Executive Williams. The statutes cited above provide the procedure through which a regional jail authority may be established. Bourbon County, however, has not pointed to any local ordinance which actually establishes Bourbon/Nicholas Regional Jail Authority and assigns it the responsibility of employing, supervising, and training employees of BCRDC.

The Court may consider the affidavit if it assesses the motion as one for summary judgment. But summary judgment is appropriate only "if a party, *after adequate opportunity*

*for discovery*, 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (emphasis added) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Summary judgment is therefore not appropriate on this question until Plaintiffs have the opportunity for at least some discovery related to the party responsible for employing, supervising, and training the employees of BCRDC.

Accordingly, the Court **HEREBY ORDERS** that Bourbon County's motion to dismiss, or in the alternative for summary judgment, (DE 9), is **DENIED** without prejudice.

Dated May 10, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY